UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-01797-SP | Date | December 15, 2023 |
|---|---|---|---|
| Title | GEICO GENERAL INSURANCE COMPANY v. UNITED STATES DEPARTMENT OF THE INTERIOR, et al. | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly Carter | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

None Appearing   None Appearing

**Proceedings:**   **(In Chambers) Order to Show Cause Why Case Should Not Be Dismissed for Failure to Effect Service and Prosecute**

On September 5, 2023, plaintiff filed a complaint against defendant United States Department of the Interior; the complaint somewhat unclearly also appears to name Eric Shane Downard as a defendant. Under Federal Rule of Civil Procedure 4(m), plaintiff was required to serve each defendant with the summons and complaint within 90 days after the complaint's filing, that is, no later than December 4, 2023. Because the defendants to be served are a department of the United States and an employee of the United States sued in his individual capacity for acts occurring in connection with the employee's official duties, under Federal Rule of Civil Procedure 4(i), to effect service on defendants, plaintiff was specifically required to serve the summons and complaint on: (1) the United States Attorney for the Central District of California (by delivering a copy to the United States Attorney or her designee, or by sending a copy by registered or certified mail to the Civil Process Clerk at the United States Attorney's Office for the Central District of California); (2) the United States Attorney General by sending a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C.; (3) the United States Department of the Interior by sending a copy by registered or certified mail to that department; and (4) Eric Downard.

The deadline for service has now passed. Plaintiff previously filed a proof of service (docket no. 5), indicating plaintiff personally served an attorney at the Department of the Interior on September 12, 2023. But plaintiff has not filed any proof of service on any of the other required entities or persons and by the proper method with the court, nor is there any other indication before the court that the complaint has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01797-SP | Date | December 15, 2023 |
|---|---|---|---|
| Title | GEICO GENERAL INSURANCE COMPANY v. UNITED STATES DEPARTMENT OF THE INTERIOR, et al. | | |

properly and fully served on any defendant.  As such, plaintiff has failed to effect service on defendants.

Accordingly, plaintiff is ORDERED to show cause in writing by *January 5, 2024* why this case should not be dismissed without prejudice for plaintiff's failure to prosecute and serve defendants within the required time period.  Plaintiff may discharge this Order to Show Cause by filing, not later than January 5, 2024, proof of complete and proper service of the summons and complaint.

**The court warns plaintiff that failure to respond to the Order to Show Cause by January 5, 2024, or further failure to prosecute this action in accordance with court orders, may result in dismissal of this action for failure to prosecute.**